S. Peter Serrano
United States Attorney
Eastern District of Washington
Lisa C. Cartier-Giroux
Rebecca R. Perez
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 0 9 2025

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:25-CR-113-RLP-5 |
| Plaintiff, | Deferred Sentencing Agreement |
| v. | |
| COLLIN JAMES MUNCEY, | |
| Defendant. | |

Plaintiff United States of America, by and through S. Peter Serrano, United States Attorney the Eastern District of Washington, and Lisa C. Cartier Giroux and Rebecca R. Perez, Assistant United States Attorneys for the Eastern District of Washington, and Defendant Collin James Muncey ("Defendant"), both individually and by and through Defendant's counsel, Michael R. Merritt, agree to the following Deferred Sentencing Agreement (the "Agreement").

**JOINT AGREEMENTS BY THE UNITED STATES AND DEFENDANT**

If Defendant accepts responsibility and pleads guilty to Count 1 of the Indictment in the above-captioned matter, to wit, *Conspiracy to Impede or Injure Officers*, in violation of 18 U.S.C. § 372, as set forth in the Plea Agreement filed contemporaneously with this Agreement, the United States and Defendant jointly agree to the following.

Upon the Court's acceptance of the Plea Agreement, the United States and Defendant will jointly recommend that sentencing in this District for the offense of conviction shall be deferred for a period of 18 months from the date of entry of the Plea Agreement, provided Defendant abides by the conditions pending sentencing set forth herein.

The United States and Defendant agree that at any time within the 18-month deferral period, the United States may request that the Court set a sentencing date for Defendant's offense of conviction, if the United States has determined that Defendant has violated any condition of this Agreement or the accompanying Plea Agreement and has provided Defendant with written notice identifying which condition(s) Defendant has violated.

The United States and Defendant agree that the Court will determine whether Defendant has violated any condition of this Agreement or the Plea Agreement. The United States and Defendant agree that if the Court determines that probable cause exists to believe that Defendant has violated any condition of this Agreement or the

Plea Agreement, Defendant will not be permitted to withdraw Defendant's guilty plea

and will be sentenced on the offense conduct identified in the Plea Agreement. Should

the Court determine that Defendant has violated this Agreement, the United States and

Defendant will each recommend sentence as set forth and agreed in the Plea

Agreement.

The United States and Defendant agree that if Defendant successfully abides by

the conditions of this Agreement and the Plea Agreement, after a period of 18 months

from the date of entry of the Plea Agreement, the United States will not oppose

Defendant's motion to withdraw Defendant's guilty plea to 18 U.S.C. § 372 (Count 1),

so long as Defendant immediately enters a plea of guilty to a criminal information filed

by the United States charging the misdemeanor offense of *Depredation of Property of*

*the United States*, in violation of 18 U.S.C. § 1361.  The maximum penalty for that

offense is: imprisonment for not more than one year; a fine up to $100,000; up to one

year of supervised release; and a $25 special penalty assessment. Under those

circumstances, the United States will dismiss any remaining count(s) of the Indictment

as to Defendant and will recommend a sentence of time served, no term of supervised

release, no fine, and a $25 special penalty assessment. Defendant understands that any

restitution amounts not paid in full during the period of this Agreement or at sentencing

will remain outstanding and Defendant will continue to be responsible for payment.

Defendant further understands and agrees that Defendant has a limited right to

appeal or challenge Defendant's conviction after plea to the information of a violation

of 18 U.S.C. § 1361 and the sentence imposed by the Court. In return for the concessions that the United States has made in this Agreement and by permitting him to plead to the lesser offense, Defendant expressly waives any and all of Defendant's rights to appeal any and all aspects of Defendant's conviction and any and all aspects of the sentence the Court imposes, on any and all grounds, unless the Court exceeds the statutory maximum. Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court. Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

Furthermore, Defendant understands that the Court is not a party to this Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant also understands the following:

    a.    sentencing is a matter solely within the discretion of the Court;

b.    the Court is under no obligation to accept any recommendations made by the United States or Defendant;

c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f.    the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Agreement or Defendant's guilty plea.

Should Defendant successfully move to withdraw from this Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, other than being permitted to withdraw after successful completion of the 18 month period of deferred sentencing, then:

a.    Any obligations, commitments, or representations made by the United States in this Agreement shall become null and void;

b.    The United States may prosecute Defendant on all available charges;

c.      The United States may reinstate any counts that have been dismissed, have

been superseded by the filing of another charging instrument, or were not

charged because of this Plea Agreement; and

d.      The United States may file any new charges that would otherwise be

barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the

United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant

might have to the United States' decisions to seek, reinstate, or reinitiate charges if a

count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including

any claim alleging a violation of Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time,

including alleged violations of any statutes of limitation or any objections based on the

Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

Defendant agrees to abide by all court orders regarding pretrial release, and

agreements and conditions contained in this Agreement and in the Plea Agreement.

Defendant agrees not to move for withdrawal of Defendant's guilty plea once it

is entered with the understanding that after successful completion of the 18 month

period of deferred sentencing, Defendant may withdraw his guilty plea to 18 U.S.C. §

372 (Count 1), so long as Defendant immediately enters a plea of guilty to a criminal

information filed by the United States charging the misdemeanor offense of

*Depredation of Property of the United States*, in violation of 18 U.S.C. § 1361.

Defendant agrees to appear for all court appearances, surrender if ordered by the Court, obey all conditions of any bond, and obey any other ongoing court order in this matter.

Defendant agrees to be truthful at all times with United States Pretrial Services Office, United States Probation, and the Court.

Defendant agrees to pay $50 per month as pre-judgment payments towards the outstanding restitution debt the parties have agreed to in the Plea Agreement. The payment will be made to the Court Registry, in accordance with an order of the Court permitting the Clerk's Office to accept payment, which the parties will jointly request to be entered at the entry of plea. Defendant's payments shall be held in escrow in the Court Registry during the period of this Agreement and shall not be released except by further order of the Court. Defendant acknowledges that failure to make payment(s) as agreed shall constitute a violation of this Agreement.

Defendant asserts and certifies that Defendant is aware that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. Defendant also understands that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information or in bringing a

defendant to trial.  Defendant acknowledges that Defendant has a right to be sentenced without unreasonable delay pursuant to the due process clause of the Fifth Amendment.

Defendant hereby requests the Court to defer sentencing on Defendant's plea of guilty.  Defendant agrees and consents that any delay from the date of this Agreement to the date of the final sentencing, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at Defendant's request and waives any defense to such prosecution on the ground that such delay operated to deny Defendant's rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the Constitution of the United States, or to bar the prosecution of any charge by reason of the running of the statute of limitations for a period of months equal to the period of this Agreement. Furthermore, Defendant agrees that such delay constitutes excluded time when computing the time within which the trial must commence, pursuant to Title 18, United States Code, Section 3161(h)(1)(C).

Defendant hereby states that the above has been read and explained to Defendant by Defendant's counsel.  Defendant understands the conditions of release and all terms of this Agreement and agrees to comply with them.

**Defendant understands that if the Court determines that there is probable cause to believe that Defendant has violated any of the conditions of this Agreement or the accompanying Plea Agreement, Defendant will not be permitted to withdraw Defendant's plea and enter a plea to the misdemeanor charge as set**

forth herein but will be sentenced on the felony charge for which Defendant has pled guilty pursuant to the Plea Agreement and this Agreement.

## AGREEMENTS REGARDING THE FACTUAL BASIS IN THE PLEA AGREEMENT

Defendant agrees that the United States could prove the facts set forth in the Factual Basis section of the accompanying Plea Agreement beyond a reasonable doubt, and they constitute sufficient factual bases for a judicial finding that Defendant engaged in *Conspiracy to Impede or Injure Officers*, in violation of 18 U.S.C. § 372.

The United States and Defendant agree if Defendant violates the terms of the Plea Agreement or this Agreement, the Court may accept the Factual Basis in the Plea Agreement as true and may proceed to sentencing without conducting any further factual inquiry.

The United States and Defendant agree that if the Court finds probable cause to believe that Defendant has violated the terms of the Plea Agreement or this Agreement, neither the United States nor the Defendant will do any of the following at any proceeding:

1.     Dispute that the Factual Basis is sufficient to support the charge of *Conspiracy to Impede or Injure Officers*, in violation of 18 U.S.C. § 372;

2.     Make any attempt to negate any element of the charge of *Conspiracy to Impede or Injure Officers*, in violation of 18 U.S.C. § 372; or

3.      At sentencing, both parties may make presentations pertaining to the sentencing factors as found in 18 §3553(a).

## CONDITIONS OF RELEASE PENDING SENTENCING

1.      You shall continue to comply with the conditions of pretrial release previously set forth by the Court at ECF No. 138 and any future Court order amending those conditions;

2.      You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days from entry of plea and at least two periodic drug tests thereafter, as determined by the Court. The Court will decide at entry of plea if you pose a low risk of future substance abuse and may suspend this condition.

3.      You must be truthful when responding to the questions asked by a United States Probation officer.

4.      You must live at a place approved by the United States Probation Office. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the officer at least 10 days before the change. If notifying the officer in advance is not possible due to unanticipated circumstances, you must notify the officer within 72 hours of becoming aware of a change or expected change.

5.      You must allow an officer from the United States Probation Office to visit you at any reasonable time at your home or elsewhere, and you must permit the officer

to take any items prohibited by the conditions of this Agreement that he or she observes in plain view.

6.    You must work full time (at least 30 hours per week) at a lawful type of employment, unless the United States Probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the officer at least 10 days before the change. If notifying the officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the officer within 72 hours of becoming aware of a change or expected change.

7.    You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the United States Probation Office.

8.    If you are arrested or questioned by a law enforcement officer, you must notify the United States Probation Office within 72 hours.

9.    You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific causing bodily injury or death to another person, such as nunchakus or tasers).

10.    You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court.

11.    You must follow the instructions of the United States Probation Office related to these conditions pending sentencing.

AGREED AND ACCEPTED

S. Peter Serrano
United States Attorney

_____          12/9/25
Lisa C. Cartier-Giroux                    Date
Assistant United States Attorney

_____          12/9/25
Rebecca Perez                             Date
Assistant United States Attorney

_____          12/9/25
Collin James Muncey                       Date
Defendant

_____          12/9/25
Michael R. Merritt                        Date
Attorney for Defendant

12