FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 09, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COLLIN JAMES MUNCEY,<br><br>Defendant. | CASE NO: 2:25-CR-00113-RLP-5<br><br>ORDER ACCEPTING GUILTY PLEA AND IMPOSING CONDITIONS OF RELEASE PENDING SENTENCING |

On December 9, 2025, Defendant Collin Muncey appeared before the Court and entered a plea of guilty to Count 1 of the Indictment filed on July 9, 2025, charging Defendant with Conspiracy to Impede or Injure Officers, in violation of 18 U.S.C. § 372. Defendant was represented by Michael R. Merritt. AUSA Lisa Cristine Cartier-Giroux appeared on behalf of the Government.

The Court finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and consequences of the plea and the plea of guilty is knowing, and voluntary, is not induced by fear, coercion, or ignorance and is supported by an independent basis in

ORDER ACCEPTING GUILTY PLEA AND IMPOSING CONDITIONS OF
RELEASE PENDING SENTENCING * 1

fact establishing each of the essential elements of the crime. Therefore, Defendant's plea of guilty is accepted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Court finds that pursuant to the parties' stipulated Deferred Sentencing Agreement, Defendant knowingly waives his right to be sentenced without unreasonable delay. The Court therefore defers setting a sentencing hearing for a period of not less than 18 months, pending Defendant's compliance with the conditions of the Deferred Sentencing Agreement.

2. A status conference is **SET** for **June 8, 2027, at 10:30 a.m.**, in Spokane Courtroom 901.

3. Pending sentencing, Defendant shall remain released pursuant the release order in this matter. ECF No. 99. Defendant shall continue to comply with the conditions of pretrial release previously set forth by the Court at ECF No. 126 and any future Court order amending those conditions. Defendant is further ordered to abide by the following release conditions, as set forth in the Deferred Sentencing Agreement:

a. Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within 15 days from entry of plea and at least two periodic drug tests thereafter, as determined by the Court. The Court will

decide at entry of plea if you pose a low risk of future substance abuse and may suspend this condition.

 b. Defendant must be truthful when responding to the questions asked by a United States Probation officer.

 c. Defendant must live at a place approved by the United States Probation Office. If Defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the officer at least 10 days before the change. If notifying the officer in advance is not possible due to unanticipated circumstances, he must notify the officer within 72 hours of becoming aware of a change or expected change.

 d. Defendant must allow an officer from the United States Probation Office to visit him at any reasonable time at his home or elsewhere, and he must permit the officer to take any items prohibited by the conditions of this Agreement that he or she observes in plain view.

 e. Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the United States Probation officer excuses him from doing so. If he does not have full-time employment he must try to find full-time employment, unless the officer excuses him from doing so. If Defendant plans to change where he works or anything about his work (such as his position or his job responsibilities), he must notify the officer at least 10 days before the change. If

ORDER ACCEPTING GUILTY PLEA AND IMPOSING CONDITIONS OF RELEASE PENDING SENTENCING * 3

notifying the officer at least 10 days in advance is not possible due to unanticipated circumstances, he must notify the officer within 72 hours of becoming aware of a change or expected change.

 f.  Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the United States Probation Office.

 g.  If Defendant is arrested or questioned by a law enforcement officer, he must notify the United States Probation Office within 72 hours.

 h.  Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific causing bodily injury or death to another person, such as nunchakus or tasers).

 i.  Defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court.

 j.  Defendant must follow the instructions of the United States Probation Office related to these conditions pending sentencing.

 k.  As a condition of release pending sentencing, Defendant is directed to pay $50 per month as pre-judgment payments towards their outstanding restitution.

ORDER ACCEPTING GUILTY PLEA AND IMPOSING CONDITIONS OF RELEASE PENDING SENTENCING * 4

The Clerk's Office is authorized to accept Defendant's pre-judgment payments pursuant to the Court's forthcoming Order Granting Stipulated Motion for Pre-Sentence Payment.

    4. The public and the press have common law and First Amendment rights to access court proceedings and court documents. The Court recognizes that given the availability of electronic records, certain materials are appropriately filed under seal. However, if a party intends to file materials under seal, the party shall, after considering whether the provisions of Fed. R. Cr. P. 49.1 provide sufficient privacy protection, file a motion to seal applying the Ninth Circuit's methodology as set forth in *United States v. Doe*, 870 F.3d 991 (9th Cir. 2017). No motion to seal is necessary if the materials contain the names of cooperating witnesses or unindicted co-conspirators or reveal ongoing investigations, such materials may be filed under seal without leave of the Court.

    5. All pending motions are **DENIED as moot**.

    **IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel, the United States Probation Office, and the United States Marshal's Service.

    DATED December 9, 2025.



    REBECCA L. PENNELL

ORDER ACCEPTING GUILTY PLEA AND IMPOSING CONDITIONS OF RELEASE PENDING SENTENCING * 5

United States District Judge

ORDER ACCEPTING GUILTY PLEA AND IMPOSING CONDITIONS OF
RELEASE PENDING SENTENCING * 6